

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

# 06C 6574

Amerimax Real Estate Partners, Inc.                    )          Civil Action No. _____

        Plaintiff          )

        v.          )          **JUDGE KENDALL**

RE/MAX International, Inc.,          )
Roaring Fork Capital Partners, Inc.,          )

        Defendants

## DEFENDANT'S MOTION TO CONSOLIDATE

Defendant RE/MAX International, Inc. ("RE/MAX"), by and through its undersigned counsel and pursuant Fed. R. Civ. P. 42, respectfully submits RE/MAX's Motion To Consolidate the instant removed case with pending Civil Action No. 05C5300. In support thereof, RE/MAX states the following:

### INTRODUCTION

This Illinois state law antitrust and trademark action, which RE/MAX and co-defendant Roaring Fork Capital Partners, Inc. ("Roaring Fork") (RE/MAX and Roaring Fork are collectively referred to as "Defendants") recently removed to this Court contemporaneously with the filing of this Motion, is the second case now pending in this jurisdiction between the same parties and relating to the same subject matter (the "Removed Case"). RE/MAX seeks to consolidate the Removed Case with Civil Action No. 05C5300 currently pending before Judge Charles Norgle, styled *Amerimax Real Estate Partners, Inc. v. RE/MAX International, Inc. and Roaring Fork Capital Partners, Inc.* (the "Federal Case").

In the Federal Case, Plaintiff's Amended Complaint [Dkt. No. 38] sought a Declaratory Judgment and Injunction against the Defendants regarding use of the word "Max." Amended Complaint (Federal Case) at ¶¶ 12-27. Plaintiff also alleged that Defendants had violated federal and state antitrust laws. Amended Complaint (Federal Case) at ¶¶ 28-61. Defendant RE/MAX answered and counterclaimed, alleging trademark infringement and unfair competition [Dkt. No. 48]. RE/MAX also filed its Motion to Dismiss Antitrust Claims II and III, and supporting Memorandum of Law on March 31, 2006. [Dkt. Nos. 49, 51]. Roaring Fork filed its Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) on April 5, 2006. [Dkt. Nos. 52, 54]

On September 26, 2006, Judge Norgle issued an order: (1) granting Plaintiff a Declaratory Judgment regarding use of the word "Max," but refusing to order injunctive relief; (2) dismissing Plaintiff's federal antitrust claims under the *Noerr-Pennington* doctrine; and (3) relinquishing jurisdiction over the state law antitrust claim ("Order and Opinion"). [Dkt. Nos. 84 and 85]. On October 11, 2006 RE/MAX filed its motion seeking under Rule 59(e) reconsideration and amendment of the Court's Opinion and Order, or alternatively, for certification as an interlocutory appeal under 28 U.S.C. § 1292(b). [Dkt. No. 95]. On October 11, 2006, Roaring Fork filed its motion to reconsider entry of declaratory judgment and for judgment dismissing Counts I and II as to said defendant with prejudice [Dkt. No. 92], which the Court *sua sponte* struck with leave to amend on the same date [Dkt. No. 98]. On October 23, 2006 Roaring Fork filed its motion for reconsideration under Rules 59(e) and 60(c). [Dkt. No. 101]. Defendants' motions have been fully briefed and are pending before Judge Norgle. The Federal Case now consists solely of RE/MAX's counterclaims against Amerimax Real Estate Partners,

2

Inc., the same Plaintiff as in the instant removed case, and Counterdefendant Hildebrando Torres, Plaintiff's president, for trademark infringement and unfair competition.

The state court action was commenced one month after Judge Norgle's Opinion and Order when Plaintiff re-filed the state antitrust claim against Defendants in Illinois state court and added numerous additional claims for violation of state trademark and trade name laws, tortious interference, unfair competition, and deceptive business practices.[1] Rather than seek leave to amend Plaintiff's Amended Complaint in the Federal Case, Plaintiff, for unknown reasons, commenced a new action in state court. Defendants removed to this Court on the basis of diversity.

Consolidation of these two cases is warranted because the cases involve the very same parties and common questions of law and fact, consolidation will promote convenience and economy, and consolidation will not cause any undue delay or prejudice.

Defendant Roaring Fork concurs in this motion to consolidate.

## ARGUMENT

The Federal Rules of Civil Procedure allow a court to consolidate actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The primary purpose of consolidation is to "promote convenience and judicial economy." *Mabry v. Village Mgmt., Inc.*, 109 F.R.D. 76, 79 (N.D. Ill. 1985). On the other hand, consolidation is inappropriate where it will cause unnecessary costs and delay, or otherwise prejudice a party. *See Midwest Cmty. Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D.

---

[1]Plaintiff has engaged in no discovery in the Federal Case other than serving on RE/MAX in July 2006 its Requests for Admission relating only to trademark matters. Yet, Plaintiff asserts that the conduct of RE/MAX in enforcing its trademark rights that Judge Norgle already deemed immune from antitrust liability under *Noerr-Pennington* now creates numerous state causes of action that were never pled in Plaintiff's prior Federal Case Amended Complaint.

3

Ill. 1983). The decision whether to consolidate is left to the sound discretion of the court. *See, e.g., Sage Products, Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993).

In the two cases now before this Court, common issues of fact and law predominate and, therefore, consolidation would serve the interests of judicial efficiency without prejudicing any party.

### A.     The Cases Involve Common Questions of Law and Fact.

The Federal Case and the Removed Case should be consolidated because they require resolution of the same legal issues and examination of identical and related facts. Both cases allege, *inter alia*, violations of trademark law and unfair business practices. For example, Plaintiff alleges that Defendants unlawfully obtained and maintain Illinois state trademark registrations (which are identical to its federal registrations at issue in the Federal Case) that are likely to create reverse confusion and "destroy the goodwill" that Plaintiff claims to have developed. (Complaint (Removed Case) at ¶¶ 42-52). Again, as in the Federal Case, Plaintiff seeks to cancel RE/MAX's trademark registrations. (Complaint (Removed Case) at ¶52). At the same time, RE/MAX maintains that Plaintiff has infringed on RE/MAX's federally registered trademarks, in an effort to "trade on the goodwill that RE/MAX has developed in the RE/MAX Trademarks." (Answer, Affirmative Defenses and Counterclaim (Federal Case) at ¶¶ 21-25). Thus, the validity of RE/MAX's trademarks is a common question of law and fact relevant to both cases. *See Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 32 (N.D. Ill. 1980) (common questions of law and fact existed where plaintiff brought two patent

4

infringement actions against separate defendants, because validity of patent was central issue to both cases).

More importantly, Plaintiff alleges the very same state antitrust claim that was susceptible to dismissal under the *Noerr-Pennington* doctrine in the Federal Case - but over which the Court instead relinquished jurisdiction. The common questions of fact and law relating to the state antitrust claim that were already considered by Judge Norgle in dismissing the federal antitrust claim demonstrate that consolidation is warranted.

**B.      Consolidating the Cases Will Result in Judicial Efficiency.**

Consolidation of these cases will save time and resources for both the parties and the Court. While the Federal Case was filed several months before the Removed Case, the two cases remain at early stages of litigation. The fact that minimal discovery has been undertaken in the Federal Case weighs in favor of consolidation to avoid duplicative discovery between the same parties. *Cf. Mabry*, 109 F.R.D. at 80 (finding no economy to be gained by consolidating cases at extremely different states of litigation). As a result of the Defendants' pending and previously decided motions, the parties sought and were granted extensions of the current discovery deadlines in the Federal Case. [Dkt. No. 110]. Moreover, because of the common questions of law and fact, the same witnesses and evidence will be involved once discovery does begin. *See Magnavox*, 496 F.Supp. at 33 (ordering consolidation because "the same documents and technical drawings will be solicited... [and] defendants will want to depose the same persons" in both cases).

The handling of both pending cases by Judge Norgle will result in a substantial saving of judicial time and effort, as he is familiar with the parties and the similar issues raised in both cases. RE/MAX contemplates that it will again seek dismissal of the very

5

same state antitrust claim pled in the Federal Case that was considered by Judge Norgle in dismissing the federal antitrust claim from the Federal Case under the *Noerr-Pennington* doctrine. Judge Norgle is familiar with the applicable law, such that consolidating the Removed Case will promote judicial efficiency. Moreover, Judge Norgle has necessarily become familiar with many of the trademark issues central to both cases as a result of prior and pending motions before the Court. As importantly, consolidation will also avoid the possibility of inconsistent adjudications.

### C.  Consolidation Will Not Cause Unnecessary Cost, Delay or Prejudice.

Consolidation will not result in prejudice to Plaintiff. It was Plaintiff who initially chose this Court as the forum to bring its claims, and this Court is no more or less convenient for the Plaintiff than state court. As discussed previously, the cases are also positioned in such a way that discovery could go forward simultaneously in both matters, thereby saving time and money for all involved.

Nor would consolidation prejudice Hildebrando Torres, a Counterdefendant in the Federal Case, because consolidation "does not merge the two suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another." *Midwest Cmty. Council*, 98 F.R.D. at 499.

WHEREFORE, Defendant RE/MAX International, Inc. respectfully requests this Court grant its Motion to Consolidate and any other relief the Court deems just and appropriate.

6

RE/MAX INTERNATIONAL, INC.

Dated:  November 29, 2006

Mark R. Galis, Esq. (ARDC No. 6206938)
Jeffrey P. Dunning, Esq. (ARDC No.
     6273364)
GREENBERG TRAURIG, LLP
77 West Wacker, Suite 2500
Chicago, Illinois  60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435

George G. Matava
John R. Posthumus
Gayle L. Strong
Shelley K. Barton
GREENBERG TRAURIG LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado  80202

Attorneys for RE/MAX International, Inc.

7